CULBERTSON, Administratrix, Appellant, vs. THE MILWAUKEE & NORTHERN RAILROAD COMPANY, Respondent.

*October 25 — November 13, 1894.*

*Railroads: Defective appliances: Injury to person: Contributory negligence.*

Plaintiff's intestate, wishing to move a car loaded with lumber a short distance in the mill yard in which he was foreman, had it started by a horse on a down grade. Being unable to stop it with the brake, which was defective, he jumped from the car and ran in front of it, and attempted to stop it by putting chips, etc., under the wheels, but it continued to move, he jumping backward in front of it, until it struck and knocked down a movable tramway which extended across the track about 100 feet from the starting point. The planks of the tramway, in falling, struck and threw him under the car, and he was fatally injured. There was ample room for him to have run or walked by the side of the car, and blocks and pieces of wood there by which it could have been stopped. He knew the tramway was in the way, and that a loaded car would strike it. *Held*, that he was guilty of contributory negligence in unnecessarily putting himself in front of the car, in a place of danger.

APPEAL from the Circuit Court for *Marinette* County.

This is an action for the death of plaintiff's intestate, caused by the alleged negligence of the defendant. The deceased was the husband of the plaintiff. He was in July, 1891, yard foreman of the firm of Bird & Wells, who owned and operated a saw and planing mill at Big Wausaukee, a lumbering point on defendant's line of road. A spur track from defendant's road, about a mile in length, ran into the mill yard. The deceased had charge of the piling and shipping of lumber in the yard. When cars were required in the yard for shipping lumber, the defendant set them into the yard with an engine, and took them out again when loaded. When it became necessary to move cars from place to place in the yard, they were moved by men with pinch

bars, or sometimes with a horse and chain, generally under the direction of the deceased. Sometimes the cars, when so moved, were stopped with a brake, and sometimes by putting blocks in front of the wheels.

On the day prior to the accident, a foreign flat car was set in the yard by the defendant's employees. It had a brake which could not be set so as to hold the car. On the 23d day of July, 1891, this flat car stood at the side of the planing mill, and was loaded with lumber under Culbertson's orders. When loaded it was desired to move it a short distance to the east, to make room for another car to come up to the mill and be loaded. There was a down grade in this direction. Culbertson was on the car, and called a yard employee, who had a horse, to hitch onto the car and move it. The employee hitched onto the car with a chain, and started the car. It began to move too fast, and Culbertson tried to stop it with the brake. Finding the brake would not hold the car, he jumped off on the north side of the car, safely, and then ran in front of the car, about the middle of the track, and began to throw chips, and anything he could pick up, under the wheels of the car; the car at the same time moving towards him about as fast as a man could walk, and he jumping back to keep out of the way. About 100 feet east of the place where the car was loaded, a movable tramway, composed of heavy, loose plank, extended at right angles across the track, and about five feet above the track, connecting two tramways on either side of the track. Culbertson knew of the tramway, it having been built under his supervision. The planks were ordinarily moved aside when cars were to be moved through it. Culbertson evidently expected to stop the car in question before reaching the tramway, but he did not succeed in doing so, and the lumber on the car struck the loose planks, throwing them down on the track. In their fall, one or more of them struck

the deceased, knocking him down in front of the car. The car still moved perhaps a car length, and doubled up the deceased under the brake beam, and he received injuries from which he died.

It appeared that there was ample room on the side of the track, for the entire distance the car moved, so that a man could run or walk along by the side of the car without going on the track, and that there were blocks and pieces of wood there by which the car could be blocked.

These facts all appeared from the uncontradicted evidence. A verdict was directed for the defendant, and from judgment thereon the plaintiff appeals.

*T. R. Hudd,* for the appellant.

For the respondent there was a brief by *Greene & Vroman,* and oral argument by *C. E. Vroman.*

Winslow, J. It is entirely plain from the foregoing statement of facts that the deceased was guilty of contributory negligence. When he got off from the car he was on the side of the track, in a place of perfect safety. From this place of safety he voluntarily put himself, unnecessarily, in front of the car, in a place of danger. No duty called him there, because he could as well stop the car from the side as from the front. Nor did he go there to escape any peril. He knew the car was moving towards him. He knew the movable tramway was in the way, and that a loaded car would strike it. In fact, he knew all the elements of danger, and, knowing them, he voluntarily assumed the risk. Citation of authorities upon such a plain case of negligence is unnecessary.

*By the Court.*— Judgment affirmed.